No. 26,458.

ALEXANDER McNAIR et al., *Appellants,* v. DAVID W. McNAIR et al., *Appellees.*

SYLLABUS BY THE COURT.

DEEDS—*Construction and Operation—Exceptions and Reservations.* An instrument in writing which recites that those executing it remise, release, and quitclaim to their father, naming him, all the right, title, and interest in certain described real property which each of them received under a will made by their uncle, naming him, is a conveyance of the property to their father when executed in the manner required by law for the execution of deeds, although the instrument recites that it is not intended to and does not release any interest which those signing the instrument may have as the heirs of their father.

Appeal from Riley district court; FRED R. SMITH, judge. Opinion filed November 7, 1925. Affirmed.

*W. A. S. Bird* and *Z. T. Hazen,* both of Topeka, for the appellants.

*J. B. Larimer, W. Glenn Hamilton, Ralph H. Gaw, A. A. Godard* and *J. Arthur Myers,* all of Topeka, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiffs, Alexander McNair, Martha A. Elliott, and Emma Rollier, commenced this action to have themselves and defendant David W. McNair adjudged to be the joint owners of the real property in controversy situated in Riley county. The defendant, the Union Central Life Insurance Company, asked for a foreclosure of a mortgage held by it on the real property. Judgment was rendered in favor of the defendants for costs and in favor of the insurance company for the foreclosure of its mortgage. The plaintiffs appeal.

On and prior to June 6, 1873, John McNair was and had been the owner of the real property. On that day he executed his will, which contained the following provision:

"Item 2d. I hereby give and bequeath unto my brother David McNair and to his children all the rest of my real and personal property that I may be seized of: Said property being land in Zeandale township, Riley county, state of Kansas, also four horses and other personal property."

He died soon after making the will, which was afterward duly probated, and at the time of his death was seized of the property.

Deeds, 18 C. J. § 346.

On October 6, 1893, all of the then living children of David Mc-
Nair executed to him a duly acknowledged instrument in writing,
which described the real property in controversy and contained the
following language:

"And whereas, in attempting to obtain a loan on said land by David Mc-
Nair, certain objections have been made to the title of said David McNair,
and in order to enable him to obtain said loan on said land we do hereby
remise, release and quitclaim to said David McNair, his heirs and assigns,
all the right, title and interest which we or either of us may have received or
may have in and to said land under or by virtue of said will of John McNair,
thus making David McNair the entire owner of said land and every interest
therein. This instrument is not intended to and does not release any of our
equal interest which we may have as heirs of David McNair in the above
described property or any other property which David McNair may own
at the time of his death."

Concerning that instrument, the court found:

"That in the execution, acknowledgment and delivery of said deed dated
October 6, 1893, it was the intention and understanding of the grantors therein
named to convey to said grantee and his assigns, all the right, title or interest
in said land that they or either of them had in said land by virtue of the will
of John McNair, and that said deed made David McNair the entire owner of
said land and every interest therein, in fee simple."

The court also found:

"That at the time of the death of said John McNair, his brother, David
McNair, had nine living children, including the plaintiffs and the defendant
David W. McNair. Five of such children afterwards, and prior to the year
1893 died unmarried, without issue and intestate, and that the plaintiffs in this
action and the defendant David W. McNair are the only living children of said
David McNair."

As conclusions of law, the court found:

"That under and by the terms of the will of John McNair, executed on
the 6th day of June, 1873, David McNair and his nine children then living, be-
came joint owners of the land owned by John McNair at the time of his death.

"That on the death of Mary McNair, Rebecca McNair, Sarah McNair,
Lizzie McNair and Fannie McNair, children of David McNair, leaving no
issue as hereinbefore found, that the said David McNair and his four surviving
children, Alexander McNair, Mattie McNair Elliott, David W. McNair and
Emma McNair Rollier, became the joint owners of the real estate in con-
troversy in this action.

"That under and by the terms of the deed of October 6, 1893, referred
to in the petition herein and therein set out as exhibit B, the plaintiffs and the
defendant David W. McNair remised, released and quitclaimed to their
father, David McNair, any and all right, title and interest the said plaintiffs
and the defendant David W. McNair may have received or had in or to the
real estate in controversy on the date of said deed; thereby vesting in David

McNair, deceased, the fee title to said real estate, and divesting themselves of all right, title or interest therein.

"That upon the death of said David McNair in 1922, that said David Mc-Nair was the owner in fee simple of the real estate in controversy.

"That there is due upon the note and mortgage executed by David McNair in his lifetime to the Union Central Life Insurance Company, defendant herein, the sum of $———, and that said sum shall draw interest at the rate of 10 per cent per annum from the date of the filing of these findings of fact and conclusions of law. That said defendant is entitled to have and recover its costs herein, and its mortgage is found and declared to be a first lien upon the real estate in controversy, and that if the amount due thereon be not paid within ten days from the date hereof, that an order of sale be issued and that said real estate be advertised and sold as provided by law to satisfy the amount due the defendant, the Union Central Life Insurance Company upon its mortgage indebtedness, and its costs.

"That the relief prayed for by the plaintiffs in this action be and the same is hereby denied.

"That the defendants do have and recover their costs herein."

The controversy revolves around the construction of the instrument executed on October 6, 1893. The instrument remises, releases, and quitclaims to David McNair, his heirs and assigns, all the right, title, and interest which the grantors in the instrument may have received under and by virtue of the will of John McNair. That language taken alone is in effect a quitclaim conveyance of the property to David McNair, whether they claimed as joint tenants or otherwise. With that language, must be construed the following:

"This instrument is not intended to and does not release any of our equal interest which we may have as heirs of David McNair in the above described property, or any other property which David McNair may own at the time of his death."

That sentence refers to whatever rights the grantors may have as heirs of David McNair, not as devisees of John McNair. The interests now claimed by the plaintiffs are as devisees of John Mc-Nair and not as heirs of David McNair. They quitclaimed to David McNair the interest they received as devisees of John McNair. They retained whatever interest they may have had as prospective heirs of David McNair. That they would have had without any reservation in the instrument. The construction placed on the instrument by the trial court was correct. This makes it unnecessary to determine any of the other questions presented for review, because in the face of that instrument, the plaintiffs cannot recover under any theory advanced by them.

The judgment is affirmed.